MILBOURNE v. JONGEWARD

Appeal from Jackson, Charles J. Falahee, J. Submitted Division 2 November 10, 1970, at Lansing. (Docket No. 8386.)   Decided December 4, 1970.

Complaint by Dorothy M. Milbourne, administratrix of the estate of Lewis Milbourne, against Robert H. Jongeward and Robert H. Jongeward, Jr. for damages resulting from death sustained in an automobile accident.   Judgment for defendant.   Plaintiff appeals.   Affirmed.

*Kelly, Kelly & Kelly,* for plaintiff.

*Domke, Marcoux, Allen & Beaman,* for defendant.

Before:   QUINN, P. J., and DANHOF and CARROLL,* JJ.

PER CURIAM.   Plaintiff, as administratrix of her deceased son's estate, brought this action against the defendants for damages resulting from his death in an automobile accident on May 2, 1966.   The deceased was a passenger in an automobile driven by William S. Bullard.   Bullard ran a stop sign and struck an automobile driven by defendant Robert H. Jongeward, Jr., and owned by defendant Robert H. Jongeward, Sr., which was travelling on a through

---

* Circuit judge, sitting on the Court of Appeals by assignment.

street at 25 miles per hour in a 30 mile-per-hour zone. The accident occurred about 8:45 p.m. It was dark. The pavements were dry. The headlights on both vehicle were operating. There were no skid marks. Plaintiff claims that the defendant driver was negligent in failing to take evasive action to avoid the accident, citing *McGuire* v. *Rabaut* (1958), 354 Mich 230, for the applicable law.

This was a nonjury trial. The court found that the plaintiff had failed to prove her case by a preponderance of the evidence and a judgment of no cause of action was entered. Plaintiff's motion for a new trial was denied and she appeals as of right.

The trial judge's findings of fact are not clearly erroneous, GCR 1963, 517.1. His application of the pertinent legal principles complies with the law as stated in *McGuire* v. *Rabaut, supra*. The trial court's opinion reads in part:

"It is my opinion that the plaintiff's theory that the defendant-driver was negligent is nothing more than conjecture. The court cannot guess or speculate as to how the accident happened and that is what is being asked of the court here. Assuming that defendant could have seen the plaintiff-vehicle, there is no showing when it became obvious or should have become obvious that the other car was going to contest his right of way. There is also no showing what defendant could have done nor distance he had in which to take action when this became obvious.

"There is nothing to show that defendant had sufficient time to stop nor that by trying to stop, he could have avoided the accident."

Affirmed, costs to defendants.